IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BEN MULLINS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | Case No. 16-03243-CV-S-RK |
| UNITED STATES OF AMERICA, ) | Crim. No. 6:04-cr-03106-RK-1 |
| ) | |
| Respondent. ) | |

**ORDER**

Before the Court is Movant Ben Mullins ("Movant")'s motion to vacate and correct his sentence as an armed career criminal under 28 U.S.C. § 2255, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because *Johnson* held that the Armed Career Criminal Act ("ACCA")'s residual clause is unconstitutional, Movant argues he does not have three prior convictions that qualify as predicate offenses under the ACCA. The Government opposes the motion, arguing that *Johnson* does not affect Movant's sentence, and he remains an armed career criminal. For the reasons stated below, Movant's motion is **GRANTED**, Movant's sentence is **VACATED**, and a resentencing hearing is **ORDERED**.

**Standard of Review**

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Movant bears the burden to show he is entitled to relief. *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970). In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." *Hardman v. United States*, 149 F.Supp.3d 1144, 1148 (W.D. Mo. 2016); *see also Hardman v. United States*, 191 F.Supp.3d 989, 992–93 (W.D. Mo. 2016) (denying Government's motion for reconsideration on the issue of the burden of proof).

**Discussion**

**I.    Timeliness of Movant's Motion**

Movant was initially sentenced to 240 months in prison on May 13, 2005. Movant's conviction was affirmed by the Eighth Circuit Court of Appeals on May 1, 2006. On December 11, 2007, the district court denied Movant's motion to vacate his sentence under 28 U.S.C.

§ 2255. *Johnson* was decided on June 26, 2015. Upon authorization from the Eighth Circuit Court of Appeals, Movant filed this successive § 2255 motion on June 21, 2016.

Movant argues that his claims are based on *Johnson*, and since *Johnson* announced a new rule of law that applies retroactively to his 2004 sentence, his motion is timely under 28 U.S.C. § 2255(h)(2). The Court agrees.

*Johnson* invalidated the residual clause of the ACCA, which was the announcement of a "new" rule that is retroactively applicable on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). At issue in *Johnson* was whether the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. The ACCA requires the enhanced statutory range of punishment for anyone convicted of violating § 922(g) if the person has three previous convictions that qualify as either a "violent felony" or as a "serious drug offense." 18 U.S.C. § 924(e)(1). A "violent felony" is defined under the ACCA as a crime that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id*. § 924(e)(2)(B)(i), (ii). The *Johnson* Court held that a sentence that was enhanced under the residual clause of the ACCA violates the Constitution's guarantee of due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The United States Supreme Court then held that the rule articulated in *Johnson* applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1258.

Although any relief Movant may be entitled to would involve not only a *Johnson* (residual clause) analysis, but also an enumerated clause and force clause analysis, it is *Johnson*, and not other Supreme Court decisions, that may offer persons such as Movant relief from his status as an armed career criminal." *Redd v. United States*, 2017 WL 633850, at *3 (E.D. Mo. Feb. 16, 2017) (citing *Taylor v. United States*, 2016 WL 6995872, at *3-5 (E.D. Mo. Nov. 30, 2016)) (other citations omitted); *see also United States v. Ladwig*, 192 F.Supp.3d 1153, 1159-61 (E.D. Wash. 2016). This is because without *Johnson*'s invalidation of the residual clause, Movant would not have a viable claim that he is not an armed career criminal. Movant's Missouri second-degree burglary of an inhabitable structure conviction and Movant's Missouri resisting arrest conviction might not qualify as a predicate ACCA violent felony under either the enumerated offense clause or the force clause, but these convictions would still have qualified, at

the time of Movant's sentencing, as a predicate felony under the residual clause. *See United States v. Cantrell*, 530 F.3d 684, 695–96 (8th Cir. 2008) (holding that Missouri's second-degree burglary offense was categorically a "crime of violence" despite the statute's broad definition of "inhabitable structure"). "Only with *Johnson's* invalidation of the residual clause [can Movant] reasonably argue that he is no longer eligible for the ACCA enhancement." *Ladwig*, 192 F.Supp.3d at 1160-61; *see also Taylor*, 2016 WL 6995872, at *3.

Because *Johnson* provides Movant with an avenue of relief that was not previously available to him, his motion utilizes that decision, and therefore, relies on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). His motion is therefore timely.

## II. Movant's Status as an Armed Career Criminal

On the record before the Court, the Court is not convinced that Movant's convictions for burglary in the second degree and resisting arrest qualify as predicate offenses under the ACCA. For example, the Court is not convinced that an indictment using "inhabitable structure" as the locational element is *per se* broader than the generic offense after *Mathis*. The modified categorical approach under the ACCA has always allowed the court to look at *some* facts, especially in the context of guilty pleas. *Shepard v. United States*, 544 U.S. 13, 26 (2005) ("We hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.") Therefore, at resentencing, the Court asks the Government to produce all *Shepard* documents from the predicate convictions so the Court can determine, consistent with its understanding of the spirit of *Mathis*, whether Movant's burglary and resisting arrest convictions may count as ACCA predicate convictions.

## Conclusion

In sum, in light of *Johnson*, Movant's second-degree burglary of an inhabitable structure conviction and Movant's resisting arrest conviction might not count as predicate convictions. Consequently, the Court is not certain that Movant has three ACCA predicate convictions that count as "violent felonies" or "serious drug offenses" under the ACCA, and he may be serving a sentence that is in excess of that permitted by the laws of the United States. Movant is therefore

entitled to a resentencing hearing to determine whether he has three ACCA predicate convictions.

Accordingly,

**IT IS HEREBY ORDERED** that Movant, Ben Mullins' Second or Successive Motion to Correct Sentence Under § 2255 (doc. 1) is **GRANTED.**

**IT IS FURTHER ORDERED** that the judgment and commitment in *United States v. Ben Mullins*, Case No. 04-03106-01-CR-S-GAF is **VACATED**.

**IT IS FURTHER ORDERED** that the United States Probation Office shall prepare an updated presentence investigation report on Mr. Mullins. Movant is **GRANTED** a new sentencing hearing, to be set as soon as the presentence investigation report is completed. Until the sentencing hearing, Mr. Mullins' detention order remains in full force and effect.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of this Memorandum and Order to the United States Probation Office.

                                                s/ Roseann A. Ketchmark
                                                ROSEANN A. KETCHMARK, JUDGE
                                                UNITED STATES DISTRICT COURT

DATED: October 5, 2017